IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **QUY NGUYEN,**<br>　　　Plaintiff, | |
| v. | CA No. 4:21-cv-3914 |
| **ATD TOOLS, INC.,**<br>　　　Defendant. | **JURY DEMANDED** |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES** Quy Nguyen, hereinafter called Plaintiff, complaining of and about ATD Tools, Inc., hereinafter called Defendant, and for cause of action shows unto the Court the following:

### I.

### PARTIES AND JURISDICTION

    1.    Plaintiff, Quy Nguyen, is a citizen of these United States, of the age of majority, and domiciled in Harris County, the State of Texas.

    2.    Defendant ATD Tools, Inc., is a Missouri corporation, and may be served with process by serving the registered agent of said company, Julie C. Treloar, at 10805 Sunset Office Drive, Suite 400, St. Louis, Missouri 63127, its registered office.

    3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because this suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.00.

## II.

## FACTS

4. On or about December 10, 2019, Quy Nguyen was working in his capacity as a master mechanic with the Kerrville Bus Company, Inc., replacing parts on a charter bus, and while using the air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141) for the purpose and in the manner in which it was intended to be used, suddenly and without warning the 20 ton air/hydraulic bottle jack malfunctioned causing the charter bus to suddenly fall to the ground, injuring Quy Nguyen, as hereinafter described.

### PLAINTIFF'S CLAIMS OF NEGLIGENCE AND STRICT LIABILITY AGAINST ATD TOOLS, INC.

5. While engaged in the manufacture and sale of the air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141), Defendant ATD Tools, Inc. manufactured and sold a certain air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141) and other like products, to consumers within the stream of commerce. Defendant ATD Tools, Inc. intended and expected that the air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141), so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold.

6. Plaintiff, Quy Nguyen, also alleges that the product in question, namely the air/hydraulic bottle jack (Model No. 7422, Serial No. SS175801141), was defective and unsafe for its intended purposes at the time it left the control of Defendant ATD Tools, Inc. and at the time it was sold in that it failed in its design to prevent the release valve gave way causing the hydraulic bottle jack to collapse. Due to the unsafe operation of, but not limited to, release valve, lift control valve, and air motor, the product was defectively designed and unreasonably dangerous in that it failed to prevent the hydraulic bottle jack from collapsing and falling to the

ground.

7. Plaintiff therefore invokes the doctrine of strict liability. Further, in this connection, Plaintiff would show the court that the defect in design was a producing cause of the injuries and damages set forth below.

8. In addition, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Defendant ATD Tools, Inc. in one or more of the following respects, or by combination thereof:

    A. Failure of the release valve, lift control valve, and air motor or other systems of said air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141) and its attendant equipment

9. Pleading further, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of negligence attributable to Defendant ATD Tools, Inc. in one or more of the following respects, or by a combination thereof:

    A. Failing to use due care in the manufacture of the air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141)

    B. Failing to use due care in the design of the air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141)

    C. Failing to use proper materials reasonably suited to the manufacture or design of the air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141) or the component parts thereof

    D. Failing to use due care to test and/or inspect the air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141) or the component parts thereof to determine its durability and function ability for the purpose for which it was intended

10. Pleading further, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and

proximate result of the negligence of Defendant ATD Tools, Inc. in one or more of the following respects, or by a combination thereof:

  A. Failing to design the air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141) to prevent the release valve gave way causing the hydraulic bottle jack to collapse due to a malfunction

All of which Defendant ATD Tools, Inc. knew, or in the exercise of ordinary care, should have known.

  11. In addition, Defendant ATD Tools, Inc. expressly and impliedly warranted to the public generally, that the air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141) was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Plaintiff relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

  12. Plaintiff cannot more specifically allege the act of negligent design on the part of Defendant ATD Tools, Inc., aside from Defendant ATD Tools, Inc.'s failure to design the air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141) in question in a manner which would have prevented the release valve gave way causing the hydraulic bottle jack to collapse, for the reason that facts in that regard are peculiarly within the knowledge of Defendant ATD Tools, Inc., and, in the alternative, in the event Plaintiff is unable to prove specific acts of negligent design, Plaintiff relies on the doctrine of <u>Res Ipsa Loquitur</u>.

  13. In this connection, Plaintiff will show the court that the design of the air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141) was within the exclusive control of Defendant ATD Tools, Inc., Plaintiff had no means of ascertaining the method or manner in which the product was designed, and it was used by Plaintiff in the same condition it was in

when it left control of Defendant ATD Tools, Inc.

14. The occurrence causing harm to Plaintiff, as described above, was one which, in the ordinary course of events, would not have occurred without negligence on the part of Defendant ATD Tools, Inc.  Thus, Defendant ATD Tools, Inc. was negligent in the design of the air/hydraulic bottle jack (Model no. 7422, Serial No. SS175801141), which negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

15. Per information and belief, the failure of ATD Tools, Inc. Model Number ATD-7422; 20 Ton Hydraulic Air/Manual Bottle Jack, Serial No. SS175801141was caused by the physical failure of an internal component such as an O-ring, seal or check valve, which was designed, specified, manufactured and installed by ATD Tools.

16. Defendant's aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

## EXEMPLARY DAMAGES

17. Defendant ATD Tools, Inc.'s acts or omissions described above, when viewed from the standpoint of Defendant ATD Tools, Inc. at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant ATD Tools, Inc. had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

18. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant ATD Tools, Inc.

## DAMAGES FOR PLAINTIFF, QUY NGUYEN

19. As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff, Quy Nguyen was caused to suffer grievous injuries, including right hand fracture, metacarpal displacement and laceration. Plaintiff's right is his dominate hand. These injuries have caused disfiguring scars which has left Plaintiff permanently unable to use his right hand. , and has incurred the following damages:

    A.    Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Physical impairment in the past;

    F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    G.    Loss of earnings in the past;

    H.    Loss of earning capacity which will, in all probability, be incurred in the future;

    I.    Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    J.    Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    K.    Loss of Mental Function;

    L.    Loss of Household Services in the past;

    M.    Loss of Household Services in the future;

    N.    Disfigurement in the past;

  O. Disfigurement in the future;

  P. Mental anguish in the past;

  Q. Mental anguish in the future;

  R. Fear of future disease or condition; and

  S. Cost of medical monitoring and prevention in the future.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Quy Nguyen, respectfully prays that the Defendant be summoned to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

DORAN & CAWTHORNE P.L.L.C.

By: _____

Pride J. Doran
Louisiana Bar No. LA25035
Email: pride@doranlawfirm.com
521 E. Landry Street
Opelousas, LA 70570
Phone: (337) 948-8008
Fax: (337) 948-0098

-and-

_____
Gregory C. Hardmon
Texas Bar No. 24074357
Email: greg@doranlawfirm.com
5444 Westheimer Road, Ste. 1510
Houston, TX 77056
Phone: (713) 731-5799
Fax: (713) 731-5922

Attorneys for Plaintiff
Quy Nguyen