United States District Court
Southern District of Texas

**ENTERED**
June 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUY NGUYEN, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-3914 |
| | § | |
| ATD TOOLS, INC., | § | |
| | § | |
| *Defendant.* | § | |

**ORDER**

Pending before the Court is Defendant ATD Tools, Inc.'s ("ATD" or "Defendant") Motion for Summary Judgment (Doc. No. 32). Plaintiff Quy Nguyen ("Nguyen" or "Plaintiff") responded in opposition (Doc. No. 34), and Defendant replied (Doc. No. 35). Having considered the briefings and applicable law, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment.

## I.    Factual Background

This case centers on claims concerning an allegedly defective jack. Plaintiff is a mechanic for a bus company. ATD Tools is a distributor of tools, including portable automotive service equipment. It purchases these tools from manufacturers or suppliers and then resells them to other distributors. ATD Tools does not sell its tools directly to the public and does not alter or change the tools or package instructions of a tool supplied by the product manufacturer before reselling to a distributor.

Plaintiff alleges that while he was at work, he was using a hydraulic air/manual jack when the jack malfunctioned and caused the charter bus he was working on to fall and injure him. (Doc.

No. 1 at 2). The hydraulic air/bottle jack was manufactured, designed, and tested by Shinn Fu Company of American, Inc. ("Shinn Fu") and sold by ATD Tools.[1]

Based on Plaintiff's Amended Complaint, Plaintiff brings claims against Shinn Fu and ATD Tools for negligence, strict liability, and for engaging in deceptive trade practices under the Texas Deceptive Trade Practices Act ("DTPA"). (Doc. No. 10). All claims against Shinn Fu by Plaintiff were dismissed by this Court due to statute of limitations violations.[2] (Doc. No. 27).

ATD Tools now moves for summary judgment on Plaintiff's claims against it. (Doc. No. 32). Specifically, ATD Tools contends (1) it is an innocent seller under Texas Civil Practice & Remedies Code Chapter 82 ("Chapter 82"), so Plaintiff's negligence and products liability claims fail as a matter of law; (2) Plaintiff is precluded from making a claim under the DTPA; and (3) Plaintiff lacks evidence to show a genuine dispute of material fact on all of his claims. (*Id.*). Plaintiff responded in opposition (Doc. No. 34) and ATD Tools replied (Doc. No. 35).

## II.    Legal Standards

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant

---

[1] Since ATD Tools only sells its products to distributors and it appears neither Plaintiff, himself, nor the bus company that employs Plaintiff are distributors, it is unclear from the record how the tool was acquired by the Plaintiff or the bus company that employs Plaintiff.

[2] Shinn Fu has not been dismissed as a party to the case so far because ATD Tools has sued them and they are currently a third party defendant in this dispute. (*See* Doc. No. 27 at 5).

2

then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III.   Analysis

A. Plaintiff's Negligence and Strict Liability Claims

Plaintiff has asserted claims for negligence and strict liability arising under products liability. ATD Tools maintains that it is entitled to summary judgment because it is an innocent product seller as that term is used under Texas law and therefore cannot bear any liability to Plaintiff on either of his claims.

Under Texas law, a plaintiff can recover in a defective product action under three theories: (1) strict liability; (2) negligence; and (3) breach of warranty. *Dion v. Ford Motor Company*, 804 S.W.2d 302, 309 (Tex. App.—Eastland 1991, writ denied) (citing *Duncan v. Cessna Aircraft Company*, 665 S.W. 414, 423 (Tex. 1984)). Moreover, Texas law is clear that any claim that alleges injury due to a product failure is subject to the statutory requirements of Chapter 82 of the Texas Civil Practice and Remedies Code. Chapter 82 provides that non-manufacturing sellers cannot be

3

held liable for product defects unless an enumerated exception applies. *Amazon.com, Inc. v. McMillan*, 625 S.W.3d 101, 109 (Tex. 2021); *see also* Texas Civil Prac. & Rem. Code § 82.003. Specifically, § 82.003 forbids a plaintiff from recovering against an innocent seller in a lawsuit claiming a product defect absent certain acts of independent negligence by the seller. *McMillan*, 625 S.W.3d at 109. Accordingly, § 82.003 "imposes liability on a non-manufacturing seller when—among other things—it has altered, helped designed, or created instructions for the defective product, or when the manufacturer is insolvent or not subject to the court's jurisdiction." *Id.* If an exception does not apply, the non-manufacturing seller is deemed an "innocent seller" and cannot be held liable in such an action.

ATD Tools maintains that it is entitled to summary judgment as an innocent seller under this provision because it did not participate in the design of the product, alter or modify the product, install the product or have it installed on another product, exercise any control over the warning or instruction that accompanied the product, and was unaware of any defects to the product at the time it was sold. (Doc. No. 32 at 2, 6). ATD Tools contends it played no role in the design and manufacturing of the jack that failed. To support this contention, it cites to the affidavit of Darrel Reuss ("Reuss"), President of ATD Tools, who avers that ATD Tools is a distributor of tools and the product in this dispute was designed and manufactured by Shinn Fu. (Darrel Reuss Affidavit, Doc. No. 32-1 at 2). Moreover, Reuss testifies that ATD Tools did not alter or modify the product before it was sold to another distributor and did not change the package instructions or warnings supplied to it by Shinn Fu. (*Id.*). Reuss avers that "ATD Tools did not design or manufacture that bottle jack itself. (*Id.* at 3). ATD Tools did not participate in the design process, or otherwise influence the bottle jack. (*Id.*). Instead, the bottle jack was designed and manufactured by Shinn Fu, which then sold the bottle jack to ATD Tools for further distribution to ATD Tool's customers.

4

(*Id.*). Once ATD Tools received the bottle jack from Shinn Fu, ATD Tools did not alter or modify the bottle jack prior to its sale, other than to place the bottle jack in a box bearing the ATD Tools logo." (*Id.* at 3).

Separately, ATD Tools also argues that Plaintiff's expert's affidavit shows that Plaintiff misused the product by using it as a makeshift jack stand, a use strictly warned against in the product instructions. (*See* Expert Report of Mark T. Hanlon, Doc. No. 32-2). Accordingly, ATD Tools argues that it is entitled to summary judgment because all of Plaintiff's claims fall within the ambit of a defective products action and is covered action by Chapter 82, because it is an innocent seller precluded from liability and no exceptions to § 82.003 apply.

In his Response in opposition, Plaintiff contends that contrary to ATD Tools' arguments, the company participated in the design of the product that allegedly injured him. To support this contention, Plaintiff cites the first page of ATD Tools' Operating Instructions & Parts Manual, which he claims states that the product in dispute was made in China "to ATD Tools, Inc. Specifications." (Doc. No. 32-1 at 5). According to Plaintiff, § 82.003 states that "a seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves that the seller participated in the design of the product." (Doc. No. 34 at 2). Plaintiff maintains that § 82.003, coupled with the statement from ATD Tools' Operating Instructions & Parts Manual, is "a clear indication that ATD Tools, Inc. had a participatory role in the manufacturing of the product that caused Plaintiff's injury." (Doc. No. 34 at 2). Plaintiff cites no other evidence in his Response in opposition and does not dispute ATD Tools' contention that Plaintiff misused the product by using it as a makeshift jack stand.

As an initial matter, Plaintiff's claims of negligence and strict liability allege an injury due to a product failure. Under Texas law, any claim that alleges injury due to a product failure is

subject to the statutory requirements of Chapter 82, so both Plaintiff's claims are subject to that limitation. Given that ATD Tools is a non-manufacturing seller of the product, Plaintiff must show through a genuine dispute of material fact that an exception enumerated under § 82.003 applies to hold ATD Tools liable for his negligence and strict liability claims. *See Romo v. Ford Motor Co.*, 798 F.Supp.2d 798, 806 (S.D. Tex. 2011).

Based on the evidence, this Court finds that Plaintiff has failed to raise a genuine issue of material fact that an exception to Chapter 82 applies that would give rise to ATD Tools' liability. Plaintiff's reliance on ATD Tools' Operating Instructions & Parts Manual stating that the product in dispute was made "to ATD Tools, Inc. Specifications" is unavailing. First, Plaintiff's characterization that the manual contains such a "statement" is taken out of context. The "statement" is located at the bottom of the first page of the manual under a series of warning labels and has been circled and reproduced below.




(Doc. No. 32-1 at 5).

This "statement," on its own, is insufficient to raise an issue of material fact that ATD Tools actually played a role in the design of the product in question. Not only does the "statement" fail to identify a particular specification required by ATD Tools or the entity's involvement in its design, the Plaintiff fails to demonstrate how the unidentified specification is defective or that it bears any relation to the alleged failure that led to his injury.

Moreover, ATD Tools maintains that the "statement" from its Operating Instructions & Parts Manual reflects its requirement that products it distributes he made based upon standards set forth by the American Society of American Engineers ("ASME"). Reuss's affidavit confirms as much, and states, "[p]roducts designed and sold by Shinn Fu are designed to meet standards set for portable automotive service equipment as set forth by the American Society of American Engineers." (Doc. No. 32-1 at 2). As a product distributor, the fact that ATD Tools requires the products it sells to be manufactured in accordance with standards set forth by the ASME clearly does not equate to ATD Tools having "a participatory role in the manufacturing of the product that caused Plaintiff's injury," as Plaintiff alleges. That statement, on its own, is conclusory and certainly does not make ATD Tools a designer or manufacturer of the product in question, much less create liability under either a negligence or strict liability theory.

Furthermore, Plaintiff failed to present any evidence contrary to or address ATD Tools' argument that the product at issue is actually defective, or that any alleged defect could be causally connected to any conduct of ATD Tools. Plaintiff also failed to dispute ATD Tools' contention that he misused the tool in question by using the jack as a makeshift stand, which was a use strictly prohibited by the product instructions.

Accordingly, this Court finds that Plaintiff has failed to raise an issue of material fact that an exception to § 82.003 applies to give rise to liability and ATD Tools' Motion for Summary Judgment as to Plaintiff's negligence and strict liability claims is hereby granted.

B. Whether Plaintiff May Bring Claims Against Defendant Under the DTPA

In Plaintiff's Amended Complaint, he also brings a claim under the DTPA and argues that ATD Tools engaged in deceptive trade practices when it advertised that "ATD's tools and equipment are quality control tested at the manufacturer, by independent labs in the field to ensure they meet the performance and durability mechanics demand today and will continue to demand for years to come." (Doc. No. 10 at 5-6). ATD Tools maintains that it is entitled to summary judgment because (1) Plaintiff lacks standing to bring a DTPA claim because he did not purchase the product in question; and (2) Plaintiff's DTPA claim is precluded by Chapter 82's statutory prohibitions. (*See* Doc. No. 32).

ATD Tools' first argument is that Plaintiff cannot bring a claim under the DTPA because he did not actually purchase the jack in question and accordingly did not read or review online information when deciding to purchase the product. (*Id.* at 8). ATD Tools argues that Texas courts have "repeatedly held that DTPA claims cannot be brought against remote or upstream, manufacturers or suppliers." (*Id.* at 8) (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649-50 (Tex. 1990); *Lowe v. LG Electronics U.S.A., Inc.*, 2019 WL 7757891 at *5 (N.D. Tex. 2019)). According to ATD Tools, it did not sell the product in question directly to Plaintiff because it does not sell products to individuals, and in fact does not even sell in the retail market. Therefore, Plaintiff lacks the standing to bring a DTPA claim against it as a remote or upstream supplier. To support this contention, ATD Tools cites to Reuss's affidavit, where he avers that ATD Tools only

sells its products to other distributors, who may in turn sell those products to end users or consumers. (Doc. No. 32-1 at 2).

Moreover, ATD Tools maintains that Plaintiff's claim fails because no DTPA claim can succeed when the representation in question is accurate. ATD Tools argues that products it distributes that are manufactured by Shinn Fu, such as the tool in dispute, were quality control tested at the manufacturer to meet the standards promulgated by ASME. This contention is supported by Reuss's affidavit stating as much. (*See* Doc. No. 32-1). Thus, according to ATD Tools, any generic representation that the tools are "quality control tested at the manufacturer, by independent labs and in the field to ensure they meet the performance and durability mechanics demand today and will continue to demand for years to come" is accurate. Since Plaintiff has failed to provide evidence disproving this or showing that different quality control testing would have revealed the alleged defect to create the causal link between the alleged misrepresentation and injury, ATD Tools argues it is entitled to summary judgment because Plaintiff cannot maintain a DTPA claim premised upon an accurate representation.

As to ATD Tools' second argument, it contends that since any claim that alleges injury due to a product failure is subject to the statutory requirements of Chapter 82 and Plaintiff's DTPA claim is predicated on a product defect, it is barred absent a showing of an applicable exception under § 82.003. To support this contention, ATD Tools argues that Fifth Circuit precedent states that *any* claim predicated on the existence of a product defect is barred by Chapter 82 unless an exception applies. (Doc. No. 32 at 7) (citing *Poindexter v. R.J. Reynolds Tobacco Co.*, 237 F.3d 630 (5th Cir. 2000), *Lowe v. LG Electronics U.S.A., Inc.*, 2019 WL 7757891 at *4 (N.D. Tex. 2019)) (emphasis added). In Plaintiff's Amended Complaint, he pleaded that his DTPA claim was premised upon the fact that "had the air/hydraulic bottle jack been quality tested, then it would not

9

have malfunctioned causing injury to Plaintiff." (Doc. No. 10 at 6). Thus, to succeed on his DTPA claim, ATD Tools contends that Plaintiff would have to first prove that the bottle jack was defective under a theory of products liability, which implicates Chapter 82. As discussed previously, this Court found that Plaintiff failed to raise an issue of material fact and none of Chapter 82's statutory exceptions apply to Plaintiff's underlying products liability claim. Given that Plaintiff's DTPA claim is predicated on a claim of product defect subject to Chapter 82 and no exceptions apply, ATD Tools argues Plaintiff's DTPA claim fails as a matter of law.

In his Response in opposition, Plaintiff only appears to address Defendant's first argument regarding standing. (Doc. No. 34 at 3). Plaintiff argues that he has standing to bring a claim under the DTPA as a consumer because he is a third-party beneficiary. (*Id.*). To support his contention, Plaintiff does not cite to any evidence in the record but instead cites to a case where a Texas appellate court found that under the DTPA, a consumer is defined as "one who seeks or acquires by purchase or lease, any goods or services." *Serv. Corp. Int'l v. Aragon*, 268 S.W.3d 112 (Tex. App.—Eastland 2008, pet. denied). Plaintiff also argues that under the same case, he does not need to establish privity of contract to be considered a consumer under the DTPA because his standing is established by his relationship to the transaction but does not offer any summary judgment evidence to support this argument. (Doc. No. 34 at 3).

The Court finds that Plaintiff has failed to raise an issue of material fact as to his DTPA claim. The only contention from ATD Tools that Plaintiff addresses involves his standing to bring his claim. Although Plaintiff argues he has standing to bring a DTPA claim because he is arguably a consumer who has a relationship to the transaction, Plaintiff nonetheless presents no evidence that any transaction from ATD Tools was for his benefit. He does not even mention a transaction at all. In fact, from the record, it is unclear how Plaintiff or Plaintiff's employer even obtained the

10

jack. Thus, Plaintiff's arguments do not save his claim, and without more, certainly do not create a genuine dispute of material fact.

Moreover, Plaintiff does not address or dispute any of ATD Tools' other arguments addressing the substance of his DTPA claims, nor does he present any evidence to create an issue of material fact as to those claims. In the absence of any discussion of or summary judgment evidence to create an issue of material fact as ATD Tools' other arguments, Plaintiff has waived them. *See Black*, 461 F.3d 584 at 588; *Hargrave*, 710 F.2d 1154 at 1164. Accordingly, since Plaintiff has waived these arguments and has failed to present any summary judgment evidence to create a genuine issue of material fact, this Court finds that his DTPA claim fails as a matter of law and ATD Tools' Motion for Summary Judgment as to Plaintiff's DTPA claim is hereby granted.

## IV. Conclusion

For the foregoing reasons, this Court hereby **GRANTS** Defendants' Motion for Summary Judgment (Doc. No. 32). This case is hereby dismissed with prejudice.

Signed at Houston, Texas, this *13* day of June, 2023.

Andrew S. Hanen
United States District Judge